**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 06-18-DLB**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**v.**                  **MEMORANDUM OPINION AND ORDER**

**HERBERT S. VANCE**                                                  **DEFENDANT**

\*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*  \*\*

This matter is before the Court upon the Defendant's Motion for Compassionate Release (Doc. # 80). Mr. Vance is currently incarcerated at FMC Lexington. He is 69 years old and has a projected release date of June 7, 2024. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last accessed on October 13, 2021). In his motion, Mr. Vance details the numerous health issues he has dealt with while incarcerated, including heart disease, diabetes, COPD, lung cancer and circulatory disease. He also has identified the various prescription medications he has been prescribed while incarcerated.

In its response and supplemental response, the Government argues that Mr. Vance has failed to exhaust all administrative remedies and while recognizing that he may have certain medical conditions, none of them are compelling enough to warrant the extraordinary relief of compassionate release (Docs. # 82 & 83). Defendant has responded with a letter indicating that he has indeed fully exhausted his administrative remedies. (Doc. # 85). Within that letter he also reemphasizes his medical conditions that make him a higher risk to COVID-19 and provides citations to medical articles that

he contends supports his motion. (*Id*.)

Since the filing of the original motion, Defendant is now fully vaccinated against COVID-19. *See* Sealed Attachment showing he received his second dose of the Moderna vaccine on January 6, 2021. Based on the timing of his vaccination, and his documented medical conditions, Mr. Vance was likely among the first group of inmates who were vaccinated against COVID-19.

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). That statute provides that the court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts generally apply a three-step test when analyzing motions for compassionate release. *See United States v. Jones,* 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id.* Second, the court must consider any applicable policy statements found in the United States Sentencing Guidelines. *Id*. at 1108. Third, the court must determine whether relief is warranted under the factors stated

in 18 U.S.C. § 3553(a).  *Id.*  There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf.  *Id*. at 1108-09.  Accordingly, when dealing with motions filed by inmates, district courts may skip step two of the three-step analysis.  *Id*. at 1111.  In one of its more recent published cases discussing compassionate release motions, the Sixth Circuit stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.' *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).  "Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion ... to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

Here, the Court concludes that Mr. Vance has fully exhausted his administrative remedies within the BOP.  Exhaustion notwithstanding, Mr. Vance's medical conditions, individually and collectively, are neither extraordinary nor compelling in the Court's view.  The Court recognizes that Mr. Vance suffers from several medical conditions which are known risk factors for COVID-19.  However, there is nothing in the record to establish that the BOP is not adequately treating Defendant's conditions while he has been incarcerated.  And just as significantly, Defendant is fully vaccinated against the COVID-19 virus because he has received both Moderna vaccine shots.  *See* attachment.  The vaccines have been shown to be safe and effective in preventing disease, hospitalization and deaths.  See *United States v. Cheatham*, No. 2:17-CR-20053-1, 2021 WL 1731712,

3

at *2 (E.D. Mich. May 3, 2021) (Murphy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant is fully vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). In fact, many district courts within the Sixth Circuit have routinely refused to find that a fully vaccinated inmate has an extraordinary and compelling reason for release because of their fear of contracting COVID-19. *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases). Put simply, Mr. Vance's medical conditions, while perhaps more significant than the average inmate, are insufficient to satisfy the first prong of the test.

      Additionally, the BOP is taking precautionary and preventative measures to curtail and prevent COVID-19 outbreaks. Every BOP institution has successfully initiated vaccination campaigns to administer COVID-19 vaccines to its inmate population. More specifically, according to the BOP's official website, as of Wednesday, October 13, 2021, FMC Lexington had 1001 fully inoculated inmates out of 1141 total inmates, which equates to almost 88%. *See* https://bop.gov/coronavirus (last accessed on October 13, 2021). As a result of the BOP's vaccination efforts, the COVID-19 outlook in October, 2021 is much brighter now than when Mr. Vance's motion was originally filed. In the Court's view, to release Mr. Vance now due to the COVID-19 pandemic would create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of the crime and would not deter criminal activity. Accordingly, for the reasons set forth herein,

4

**IT IS ORDERED** as follows:

1. Defendant Vance's Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 80) be, and is hereby **denied**; and

2. The attached vaccination record for Mr. Vance shall be **filed under seal**.

This 13th day of October, 2021.

Signed By:
*David L. Bunning*
**United States District Judge**